UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ELY YOHANA LOPERA RAMIREZ** | **CIVIL CASE NO. 26-386 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **MELLISSA HARPER, ET AL** | **MAGISTRATE JUDGE AYO** |

## MEMORANDUM RULING AND ORDER

Before the Court is an Emergency Motion for Temporary Restraining Order filed by Ely Yohana Lopera Ramirez ("Petitioner") (R. Doc. 2). Having carefully considered the Petitioner's submissions and the applicable law, the Motion is **DENIED**.

Petitioner is a native and citizen of Colombia, who entered into the United States without inspection on or about May 18, 2022, and was apprehended. *See* R. Doc. 2-1 at 1. She was paroled into the United States, but the record does not establish the basis of her parole. She applied for asylum and through her asylum application she was able to obtain an employment authorization document and social security card. *See* R. Doc. 1 at ¶ 5. She was detained at the Immigration and Customs Enforcement ("ICE") Field Office in Burlington, Massachusetts on December 15, 2025, during a routine check-in, *see id*. at ¶¶ 6-7, and is currently being held at the South Louisiana ICE Processing Center in Basile, Louisiana. *See id*. at ¶ 10. She is currently 13–14 weeks pregnant. *See id*. at ¶ 2.

To obtain a temporary restraining order ("TRO") or a preliminary injunction, a party must show (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. *City of El Cenizo v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (citing *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)); *see Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)) ("The standard for deciding whether to issue a preliminary injunction is the same standard used to issue a temporary restraining order."). Elements three and four merge "when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435–36 (2009). The extraordinary relief of a temporary restraining order should not be granted unless the movant clearly carries the burden of persuasion as to all four elements. *Ocean Sky Int'l, LLC v. LIMU Co., LLC*, No. 18-0528, 2019 WL 4724803, at *5 (W.D. La. Sept. 26, 2019).

Here, Petitioner's Motion fails to satisfy the first element required for the Court to grant a TRO. In her motion, Petitioner argues that she was unlawfully detained and arrested under 8 U.S.C. § 1225(b)(2) and is instead eligible for a bond hearing under 8 U.S.C. § 1226(a) because she has been residing in the United States prior to being detained. *See* R. Doc. 2-1 at 2. As such, Petitioner argues that mandatory detention under § 1225(b)(2) is a violation of her due process rights under

2

the Fifth Amendment. *See id.* at 7–8. However, the Court cannot find that Petitioner is likely to prevail on the merits of this claim under the recent Fifth Circuit decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which held that inadmissible noncitizens who have been residing in the United States may be detained without bond under 8 U.S.C. § 1225(b)(2). Petitioner also argues that her detention violates regulations governing the detention of pregnant women, specifically ICE Directive 11032.4, *Identification and Monitoring of Pregnant, Postpartum, or Nursing Individuals*. On the present record, we do not know enough about Petitioner's initial parole, revocation, and the requisite process given or denied, to say that she has a likelihood of success on this claim.

For the reasons set forth herein,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order (R. Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents must file a response to Petitioner's habeas petition within ten (10) days after the entry of this order explaining why Petitioner's release is impermissible or otherwise what exceptional circumstances exist that prohibit Petitioner's release on parole pursuant to ICE Directive 11032.4, *Identification and Monitoring of Pregnant, Postpartum, or Nursing Individuals.*

**IT IS FURTHER ORDERED** that Petitioner shall have three (3) days to reply to the Respondents' brief.

**IT IS FURTHER ORDERED** that the Clerk of Court is to provide a copy of this Memorandum Ruling and Order to the United States Attorney's Office.

**THUS DONE AND SIGNED** this 9th day of February, 2026.

*[signature: Jerry Edwards, Jr.]*

       **JERRY EDWARDS, JR.**
       **UNITED STATES DISTRICT JUDGE**