**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ELY YOHANA LOPERA RAMIREZ** | **CIVIL CASE NO. 26-386 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **MELISSA HARPER, ET AL** | **MAGISTRATE JUDGE AYO** |

## MEMORANDUM RULING AND ORDER

Before the Court is a Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Ely Yohana Lopera Ramirez ("Petitioner"). Melissa Harper, Kristi Noem, Todd Lyons, and Pamela Bondi ("Federal Respondents") responded (R. Doc. 8). Petitioner replied (R. Doc. 11).

After careful consideration of the parties' memoranda and the applicable law, the Petition is **DENIED**.

### I.    BACKGROUND

Petitioner is a native and citizen of Colombia, who entered into the United States without inspection in May of 2022. *See* R. Doc. 1 at ¶¶ 1, 4. As of February 6, 2026, she was 13–14 weeks pregnant. *See id*. at ¶ 2. She was detained at the Immigration and Customs Enforcement ("ICE") Field Office in Burlington, Massachusetts on December 15, 2025. *See id*. at ¶ 6. She was placed in removal proceedings under Immigration and Nationality Act ("INA") section 212(a)(7)(A)(i)(I) (as an alien not in possession of valid immigration documents). *See* R. Doc. 8-1.

Petitioner filed a Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order ("TRO") with this Court on February 6, 2026. *See* R. Docs. 1 & 2. The Court denied the TRO and directed Federal Respondents to file a response to the Petition within ten days explaining why Petitioner's release is impermissible, or otherwise, what exceptional circumstances exist that prohibit Petitioner's release on parole pursuant to ICE Directive 11032.4, *Identification and Monitoring of Pregnant, Postpartum, or Nursing Individuals* ("ICE Directive 11032.4").[1] *See* R. Doc. 5 at 4. The Court also gave Petitioner three days to reply to the Federal Respondents' brief. *See id.*

On March 5, 2026, Petitioner was ordered removed by an immigration judge. *See* R. Doc. 17-1 at 3–6. The Court held a status conference with counsel for Petitioner and Federal Respondents on March 26, 2026. During the conference, Petitioner's counsel informed the Court that they intended to appeal the immigration judge's order before the appeal period ran on April 6, 2026, *see* R. Doc. 15 at 2; however, they failed to do so. *See* EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *Automated Case Information System, Ely Yohana Lopera-Ramirez,* https://acis.eoir.justice.gov/en/caseInformation. Consequently, the March 5, 2026, order became a final order of removal when the appeal period ran.

---

[1] U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ICE DIRECTIVE 11032.4: *Identification and Monitoring of Pregnant, Postpartum, or Nursing Individuals*, (July 1, 2021), https://www.ice.gov/doclib/detention/11032.4_IdentificationMonitoringPregnantPostpartumNursingIndividuals.pdf.

## II.    LAW & ANALYSIS

First, Petitioner claims that she was unlawfully arrested and detained under 8 U.S.C. § 1225(b)(2) and is instead eligible for a bond hearing under 8 U.S.C. § 1226(a) because she has been residing in the United States prior to being detained. *See* R. Doc. 1 at ¶¶ 25–31. As such, Petitioner asserts that mandatory detention under § 1225(b)(2) is a violation of her due process rights under the Fifth Amendment. *See id.* However, the arguments raised by Petitioner in support of her due process claims relate to the statutory interpretation of § 1225 and § 1226. The recent Fifth Circuit decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which held that inadmissible aliens who have been residing in the United States may be detained without bond under § 1225(b)(2), necessitates denial of these claims. *See Buenrostro-Mendez*, 166 F.4th at 508; *see also* 8 U.S.C. § 1225(b)(2)(A) (providing that aliens "*shall* be detained") (emphasis added). Petitioner contends that unlike the petitioners in *Buenrostro-Mendez*, she does not concede that she is an "applicant for admission" within the meaning of § 1225(a)(1). *See* R. Doc. 11 at 4; *see also Buenrostro-Mendez*, 166 F.4th at 498. But that lack of concession does not change reality. Although petitioner then argues that she falls under the class memberships of *Guerrero-Orellana v. Hyde, et al*, No. 1:25-cv-12664-PBS, ECF No. 112 (D. Mass. Dec. 19, 2025) and *Maldonado Bautista v. Santacruz*, No. 5:25-cv-1873, ECF No. 116 (C.D. Cal. Feb. 18, 2026), *see* R. Doc. 1 at ¶ 31 and R. Doc. 11 at 2–4, the reasoning undergirding those class action suits was expressly rejected by a panel of the Fifth Circuit. *Compare Buenrostro-Mendez*, 166 F.4th at 502–08 *with Guerrero-Orellana*, No. 1:25-cv-12664-

PBS, at ECF No. 112 *and Maldonado Bautista*, No. 5:25-cv-1873-SSS, at ECF No. 116. Because Petitioner is an inadmissible alien who is an "applicant for admission," § 1225(b) applies to her; therefore, she "shall be detained for a proceeding under [§] 1229a." 8 U.S.C. § 1225(b)(2)(A). Thus, Petitioner's Fifth Amendment claims fail.

Next, Petitioner alleges that by not addressing her related pregnancy health concerns, Federal Respondents violated her rights under the Fourteenth Amendment. *See* R. Doc. 1 at ¶ 34. However, Petitioner's claims under the Fourteenth Amendment are easily dispensed with because "the Fourteenth Amendment applies to actions taken by a State," not the Federal Government. *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.,* 483 U.S. 522, 543 n. 21 (1987) ("The Fourteenth Amendment applies to actions by a State. The claimed association in this case is between the [defendant] and the Federal Government. Consequently, the Fourteenth Amendment does not apply."); *see also Rodriguez-Silva v. I.N.S.*, 242 F.3d 243, 248 (5th Cir. 2001) ("The Due Process Clause of the Fifth Amendment applies to the federal government a version of equal protection largely similar to that which governs the states under the Fourteenth Amendment.").

Finally, Petitioner maintains that Federal Respondents are violating the *Accardi* doctrine in failing to release her as a pregnant woman. *See* R. Doc. 1 at ¶ 34; *see generally also U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). Under the *Accardi* doctrine, agencies are bound to abide by their own regulations or internal procedures. *See Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007); *see also Accardi*, 347 U.S. at 268. Specifically, Petitioner contends that her release is required

4

by ICE Directive 11032.4. *See id*. ICE Directive 11032.4 "sets forth policy and procedures to ensure individuals known to be pregnant, postpartum, or nursing in [ICE] custody are effectively identified, monitored, tracked, and housed in an appropriate facility to manage their care." *See* ICE Directive 11032.4 at 1. It states that "[g]enerally, ICE should not detain, arrest, or take into custody for an administrative violation of the immigration laws individuals known to be pregnant, postpartum, or nursing unless release is prohibited by law or exceptional circumstances exist." *See id*. at 2.

ICE Directive 11032.4, consistent with the government's detention authority as prescribed by the INA, states that the only categories of aliens prohibited by law to be released are those in expedited removal and those "in the 90-day removal period" under 8 U.S.C. § 1231(a). *See id*. at 5.1 n. 2. Under § 1231(a), when an alien is ordered removed, the Attorney General "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the removal period, the alien "shall [be] detain[ed]." *Id*. at § 1231(a)(2)(A); *see also M.O.G.R. v. Warden, Stewart Detention Ctr.*, No. 4:25-CV-356, 2025 WL 3460936, at *5 (M.D. Ga. Dec. 2, 2025) ("Detention during the ninety-day removal period is mandatory.").

Here, Petitioner claims that she was unlawfully arrested and detained under 8 U.S.C. § 1225(b)(2) and is instead eligible for a bond hearing under 8 U.S.C. § 1226(a) because she has been residing in the United States prior to being detained. *See* R. Doc. 1 at ¶¶ 25–31. However, because an immigration judge ordered her removed on March 5, 2026, and no appeal was filed in her case, she now has a final

order of removal. *See* EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *Automated Case Information System, Ely Yohana Lopera-Ramirez*, https://acis.eoir.justice.gov/en/caseInformation. "Because Petitioner has a final order of removal, Petitioner's detention is governed by 8 U.S.C. § 1231(a)." *See M.O.G.R.*, 2025 WL 3460936, at \*5. Consequently, Petitioner is now in the 90-day removal period under § 1231(a)(1)(A). *See id*. Thus, Petitioner's release is "prohibited by law," *see* ICE Directive 11032.4 at 2, and Petitioner "shall [be] detain[ed]." *See* 8 U.S.C. § 1231(a)(2)(A). As a result, Petitioner's detention is consistent with ICE Directive 11032.4, and this Court cannot order Petitioner's release. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("[D]uring the 90-day removal period, however, aliens must be held in custody.").

## III.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (R. Doc. 1) is **DENIED**.

**THUS DONE AND SIGNED** this 20th day of April, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**